**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEANNA SCARBO,** | : | |
|   **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1462** |
| | : | |
| **EXPERIAN CREDIT BUREAU,** *et al.*, | : | |
|   **Defendants.** | : | |

**MEMORANDUM**

**COSTELLO, J.**                                                        **MARCH  30 , 2026**

Plaintiff Deanna Scarbo initiated this civil action by filing a *pro se* Amended Complaint[1]
against Experian Credit Bureau ("Experian"), Capital One Auto Finance, Verizon Wireless,
Jefferson Capital Systems, LLC, Portfolio Recovery Associates, LLC, TD Bank, N.A. d/b/a/
Target Credit Card, and First Premier Bank.  Scarbo raises claims under the Fair Credit
Reporting Act ("FCRA") and Equal Credit Opportunity Act ("ECOA").  She also seeks leave to
proceed *in forma pauperis*.  For the following reasons, the Court will grant Scarbo *in forma
pauperis* status and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii).  Scarbo will be given an opportunity to file a second amended complaint in
the event she can cure the deficiencies identified by the Court.

---

[1] Scarbo filed an Amended Complaint on March 11, 2026.  The Amended Complaint is
the operative pleading in this case.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir.
2019) ("In general, an amended pleading supersedes the original pleading and renders the
original pleading a nullity.  Thus, the most recently filed amended complaint becomes the
operative pleading.") (internal citations omitted).

## I.    FACTUAL ALLEGATIONS[2]

Scarbo's allegations are brief.  She claims that when she applied for a mortgage she was advised by the mortgage company that she did not qualify for any mortgage lending products due to her credit score and information contained in her consumer credit report.  (ECF No. 5-2 at 1.)  Shortly thereafter, Scarbo obtained a copy of her credit report to determine what information may have been relied upon during the lender's evaluation.  (*Id.*)  She alleges that she discovered multiple inaccurate and misleading entries on the report, including accounts that had been previously disputed yet remained reported without correction, and trade lines that "continued to display derogatory information despite prior disputes while failing to include complete payment histories and other information to ensure accurate reporting." (*Id.*)  Scarbo also identified accounts "that appeared to be obsolete or otherwise improperly reported, as well as accounts reflecting incomplete furnishing of information that created a misleading picture of [her] creditworthiness." (*Id.* at 1-2.)  She does not, however, provide any specifics about the trade lines or accounts involved, including the name of the creditor, identify the information that was inaccurate, and explain why the information was inaccurate.  Scarbo alleges that the report indicated that the information reported by Experian had previously been disputed, yet Experian "failed to conduct a reasonable reinvestigation into the completeness and accuracy of the information furnished by the various data furnishers identified in the report." (*Id.* at 2.)  As a result, Scarbo contends that she has suffered harm including credit impairment, loss of access to

---

[2] The allegations are taken from Scarbo's Amended Complaint (ECF No. 5), consisting of the form available to unrepresented litigants to file a civil action and attached typewritten pages.  The Court deems the entire submission to constitute the Complaint and adopts the sequential pagination supplied by the CM/ECF docketing system.

mortgage lending opportunities, and emotional distress. (*Id.*)  She seeks money damages for her FCRA and ECOA claims. (*Id.*)

## II.    STANDARD OF REVIEW

Because Scarbo appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Scarbo is proceeding *pro se*, the Court construes her allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that

3

apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

### A.    FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies like Experian "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the

4

FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007) (citing 15 U.S.C. § 1681(a)(1)(A)). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To allege plausibly that a consumer reporting agency is liable under this provision for failing to reinvestigate a dispute under the FCRA, the consumer must allege facts that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege a factual basis that the reported information was inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir.

5

2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021) (citation omitted).

A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

The FCRA also places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs*, 43 F.3d at 339 (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)). The FCRA likewise provides for civil liability against furnishers for noncompliance

6

due to willfulness and negligence.  *See* 15 U.S.C. §§ 1681n, 1681o.  To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff  must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at \*6 (E.D. Pa. June 24, 2016) (collecting cases), *aff'd*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*).; *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance."  *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Where a plaintiff fails to allege that the furnisher communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and that the furnisher failed to reasonably investigate the dispute after having been notified by the credit reporting agency, she has failed to state a plausible violation of the statute against the furnisher.  *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading

information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

The allegations of inaccuracies in Scarbo's Amended Complaint are wholly undeveloped. While Scarbo asserts that she discovered multiple inaccurate and misleading entries on her credit report and that the report contained information reported by Experian that had previously been disputed (ECF No. 5-2 at 1-2), she has not set forth facts describing what inaccurate information was included in her consumer report, or how and why the information was inaccurate. *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy."); *Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because, "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting a proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). As the United States

Court of Appeals for the Third Circuit noted in *Williams*, FCRA claims against a consumer reporting agency are not plausible where the plaintiff fails to specify the reason **why** the furnished account information was inaccurate, for example, "he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Williams*, 2024 WL 3439776 at *1, n.2; *see also Frazier v. Equifax Info. Servs.*, No. 24-4711, 2024 WL 4374116, at *5 (E.D. Pa. Oct. 1, 2024) (citing *Williams* and stating "Frazier's Complaint is undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect.").

Scarbo's merely invoking the FCRA and alleging that Experian "failed to conduct a reasonable reinvestigation into the completeness and accuracy of the information furnished by the various data furnishers identified in the report" (ECF No. 5-2 at 2) is entirely conclusory and, thus, implausible. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims). Accordingly, her FCRA claim against Experian must be dismissed.

9

Scarbo's FCRA claims against the other Defendants she listed in the caption, none of whom are even mentioned in the body of the Amended Complaint, are also not plausible. While unclear, these Defendants may be furnishers of information, but Scarbo does not allege that any of them communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and that the furnisher then failed to reasonably investigate the dispute after having been notified by the credit reporting agency.  Accordingly, she has failed to state a plausible violation of the statute by a furnisher and her claims against Capital One Auto Finance, Verizon Wireless, Jefferson Capital Systems, LLC, Portfolio Recovery Associates, LLC, TD Bank, N.A. d/b/a/ Target Credit Card, and First Premier Bank must also be dismissed.

**B.     ECOA Claims**

"The ECOA makes it unlawful for a creditor to discriminate against an applicant 'with respect to any aspect of a credit transaction.'"  *Visconti v. Veneman*, 204 F. App'x 150, 154 (3d Cir. 2006) (*per curiam*) (quoting 15 U.S.C. § 1691(a)); *see also Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir. 2004), *abrogated on other grounds by In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 n.18 (3d Cir. 2012).  To state a plausible case of discrimination under the ECOA, a plaintiff must allege that: (1) she belongs to a protected class – defined as race, color, religion, national origin, sex or marital status, or age; (2) she applied for credit; (3) she was qualified for credit; and (4) credit was nevertheless denied.  *Chiang*, 385 F.3d at 259; *Stefanowicz v. SunTrust Mortg.*, 765 F. App'x 766, 772 (3d Cir. 2019) (*per curiam*); 15 U.S.C. § 1691(a).  Scarbo does not allege facts to support any of these elements.  Her ECOA claim, accordingly, also cannot proceed as pled.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Scarbo's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Scarbo will be given leave to file a second amended complaint in the event she can state a plausible basis for a claim against the Defendants.  An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

_____

**MARY KAY COSTELLO, J.**

11